## ATCHISON, T. & S. F. R. CO. v. LYON.

No. 10708—Opinion Filed May 30, 1922.

Rehearing Denied Sept. 26, 1922.

Second Rehearing Denied July 31, 1923.

(Syllabus.)

**1. Trial—Demurrer to Evidence.**

When a demurrer is interposed to the evidence of plaintiff and there is competent evidence reasonably tending to support the allegations of the petition, it is not error to overrule said demurrer.

**2. Trial—Motion for Directed Verdict.**

A motion to direct a verdict admits all the facts and inferences to be drawn therefrom in favor of the party against whom the motion is directed, and leaves for consideration only such evidence as is favorable to the party against whom such motion is directed, and where there is evidence in the record sufficient to support a judgment for the plaintiff, it is not error to refuse a requested instruction of the defendant for a directed verdict.

**3. Railroads—Killing Stock — Negligence—Defective Fences—Burden of Proof—Instruction.**

Plaintiff brought an action against a railroad company for damages for killing a mule upon its right of way. The act of negligence complained of was maintaining an insufficient fence, and plaintiff relied upon circumstantial evidence to support the theory that the mule got upon the right of way by jumping over the fence. The company produced evidence to rebut this theory to support its theory that the mule got out of the pasture over plaintiff's defective fence, and on to the section line and on the right of way over the cattle guard. Held, it was prejudicial error to instruct the jury that defendant company was required to prove the mule got upon the right of way in some other manner than by jumping over the fence where it was defective by a preponderance of the evidence.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by W. C. Lyon against the Atchison, Topeka & Santa Fe Railway Company for damages for killing stock. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

Cottingham, Hayes, Green & McInnis, and Hunter L. Johnson, for plaintiff in error.

A. M. Baldwin and A. J. Carlton, for defendant in error.

McNEILL, J: This action was commenced in the superior court of Pottawatomie county by W. C. Lyon against the Atchison, Topeka & Santa Fe Railway Company, to recover damages for a mule that was struck by one of the trains of the defendant and killed.

The evidence on behalf of the plaintiff was, in substance, that he had a pasture along the railroad of defendant company, and the fence required to be maintained by the company was deficient in several places, and was not of the height required by law, and that on several occasions the mule had jumped over the fence at said

low places on to the right of way of the defendant company. The mule was struck at night on the right of way within a short distance from a crossing. It is admitted on behalf of defendant that the fence at one point was low and did not meet the requirements of the law. The defendant, however, produced evidence that it had rained the evening when the mule was killed, and there was no evidence of tracks that the mule had jumped over the fence at the low place in the fence, but tracks were discovered to support the theory that the mule got out of the pasture on to the section line, and walked to the railroad crossing and across the cattle guard, and while on the right of way was struck.

The case was submitted to the jury, and the jury returned a verdict in favor of the plaintiff. From said judgment the defendant has appealed.

For reversal the company assigns as error the overruling of the demurrer to the plaintiff's evidence and refusing to instruct the jury to return a verdict for the defendant. We think the evidence on behalf of the plaintiff was sufficient to submit the case to the jury under proper instructions, and it is not error to overrule the demurrer, or refuse to instruct the jury to return a verdict for the defendant, when the evidence of the plaintiff is considered in the light of the decision of this court in the case of Smith v. Rockett, 79 Okla. 244, 192 Pac. 691, and a long line of decisions announcing the same rule.

It is next contended that the court erred in giving instruction No. 8 which instruction was as follows:

"If you believe by a preponderance of the evidence that the plaintiff's fence was down along the section line, and that the said mule wandered across said fence into the section line, and got upon the defendant's right of way in some other manner than by jumping over the low places as alleged in plaintiff's petition, then your verdict must be for the defendant."

This instruction was erroneous. It was error for the trial court to require the defendant to prove by a preponderance of the evidence that the mule got upon the defendant's right of way in some manner other than jumping over the low places in the fence as alleged in plaintiff's petition. There was no direct evidence that the mule had jumped over the fence where the fence was defective. The plaintiff relied upon the circumstantial evidence that the fence was low and upon several occasions the mule

had jumped over the fence and onto the right of way. This was sufficient evidence from which the jury might reasonably infer that the mule had gotten upon the right of way over the defective fence. The defendant, to rebut this idea and presumption, produced evidence that it had rained that night and there were no tracks to disclose the mule had jumped over the fence, but that a mule had gotten out of the pasture and the tracks led down the highway to the railroad crossing, and these tracks disclosed that the animal went across the cattle guard on to the right of way, and walked down off the track and had returned to the track, where it was struck by the train. The case is not tried upon the theory that the cattle guards were defective, nor was there any contention that the company was negligent in installing or maintaining the cattle guard, but the sole question of negligence alleged was in maintaining the fence. The question for the jury was whether, considering all of this evidence, the evidence preponderated to support the theory that the mule got onto the right of way by jumping over the fence at the place where the fence was defective. Defendant was not required to prove its theory of the case by a preponderance of the evidence, but if the evidence upon behalf of the defendant was sufficient so the jury under all the evidence could not say the preponderance of the evidence was in favor of the theory advocated by the plaintiff, then the verdict should be for the defendant. This instruction was in conflict with the instructions Nos. 6, 7, and 9, given by the court. Instructions Nos. 6, 7, and 9 apparently submit the case to the jury in proper manner, but instruction No. 8 conflicts with those instructions, and required the defendant to prove by a preponderance of the evidence that the mule did not get upon the track in the manner as alleged by the plaintiff.

There was but one material issue presented by the pleadings and the evidence, and that was the manner the mule got upon the right of way. The plaintiff had one theory, the defendant another. There is evidence tending to support both theories.

This court, in the case of Halsel v. First National Bank of Muskogee, 48 Okla. 535, 150 Pac. 480, stated:

"Where a material issue is presented by the pleadings, and there is evidence tending to support it, a serious misdirection in the charge cannot be held harmless error."

For the reasons stated, the judgment of the court is reversed, and the cause re-

manded, with instructions to grant the plaintiff in error a new trial.

JOHNSON, KANE, ELTING, and NICHOLSON, JJ., concur.