## MIDLAND VALLEY R. CO. v. NEELEY.

No. 15606—Opinion Filed Sept. 15, 1925.

Withdrawn, Corrected, and Refiled, and Rehearing Denied May 25, 1926.

(Syllabus.)

1. **Trial—Directing Verdict—When Properly Refused.**

A motion to direct a verdict admits all the facts and inferences to be drawn from the evidence in favor of the party against whom it is directed and leaves for consideration only such evidence as is favorable to the party against whom such motion is directed; and where there is evidence in the record sufficient to support a judgment for the plaintiff, it is not error to refuse a requested instruction of the defendant for a directed verdict.

2. **Negligence—Doctrine of Last Clear Chance.**

The doctrine of "last clear chance" is recognized by the courts as an exception to the general rule that the contributory negligence of the person injured will bar a recovery, without reference to the degree of negligence on his part; and, under this exception to the rule, the injured person may recover damages for an injury resulting from the negligence of the defendant, although the negligence of the injured person exposed him to the danger of the injury sustained, if the injury was more immediately caused by the want of care, on the

defendant's part, to avoid the injury, after discovering the peril of the injured person.

3. **Trial—Sufficiency of Instructions — Refusal of Requests.**

Where, on the whole, the instructions given substantially and correctly cover all questions of law necessary to fairly present the case to the jury, it is not error to refuse instructions requested by one of the parties, although they may state the law correctly.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Action by R. L. Neeley against Midland Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

O. E. Swan, Varner & Taylor, and Blakeney & Ambrister, for plaintiff in error.

C. C. Williams and C. S. Neal, for defendant in error.

PHELPS, J. This case comes to us on appeal from the district court of LeFlore county, defendant in error, who was plaintiff below, filing his petition in that court alleging, in substance, that on the 28th day of July, 1923 while driving his automobile north across the railway tracks running east and west of plaintiff in error, defendant below, near the town of Tahona, because of the negligence of defendant in running its train at a high and dangerous rate of speed and failing to give a warning of the approach of said train by either ringing a bell or sounding a whistle, plaintiff was struck by said train and sustained personal injuries, also sustained injuries to his automobile, for which injuries and damage he prayed judgment.

Defendant answered by general denial and pleaded contributory negligence of plaintiff and upon the issues thus joined the case was tried before a jury, resulting in a verdict for plaintiff for $396.10 as damages to his automobile and $500 for personal injuries, and from the judgment rendered upon such verdict and the order of the trial court refusing to grant a new trial, defendant prosecutes this appeal.

For convenience the parties will be referred to herein as they appeared in the district court.

In defendant's specification of error No. 1, it contends that the trial court erred in refusing to instruct the jury to return a verdict for the defendant. This assignment of error is clearly without merit. A number of witnesses testified positively that the bell

was not rung nor the whistle sounded as the train approached the crossing, and a number of witnesses testified that the approach of a train could not be observed from the highway until the traveler was almost upon the railroad track. Plaintiff himself testified as did the two other occupants of the automobile that no alarm of the approach of the train was given; they also testified that when about 50 feet from the railroad crossing the automobile was brought almost to a stop and they looked towards the east in an effort to discover the approach of the train, but owing to the obstructions no train was visible; that plaintiff then proceeded towards the crossing, and when some ten or fifteen feet from the crossing he arrived at a place where he could see the approaching train; he then threw on his brakes and attempted to stop the automobile, but being on a down-hill grade he saw it was impossible to stop the automobile until it was upon the track in front of the train; he then released his brakes, put on the gas, and attempted to cross the track before the arrival of the train. The evidence regarding these matters was decidedly conflicting, but as there was positive evidence of the primary negligence of defendant, it was clearly a question for the jury to decide. A motion to direct a verdict admits all the facts and inferences to be drawn from the evidence in favor of the party against whom it is directed and leaves for consideration only such evidence as is favorable to the party against whom such motion is directed; and, where there is evidence in the record sufficient to support a judgment for the plaintiff, it is not error to refuse a requested instruction of the defendant for a directed verdict. A., T. & S. F. Ry. Co. v. Lyon, 95 Okla. 20, 216 Pac. 897; K. C. S. Ry. Co. v. Keffer, 96 Okla. 63, 220 Pac. 361; C. C. & Lbr. Co. v. Jones, 88 Okla. 219, 212 Pac. 606; Muskogee E. T. Co. v. Jackson, 88 Okla. 184, 212 Pac. 416.

Defendant further complains of the instructions given the jury by the court, alleging that it was error to submit for the jury's consideration the doctrine of the "last clear chance." There is evidence in the record to the effect that no warning of the approach of the train was given and that from the position of plaintiff the approach of said train could not be observed. Upon the other hand, the engineer and conductor testified that they observed the automobile in question approaching the crossing when they were about 250 feet away; that no effort was made to slacken the speed of the train until they were 75 feet from the cross-

ing. There is evidence that the train could have been stopped within 150 to 175 feet; there was also evidence to the effect that no warning signals were given after the engineer and conductor saw the plaintiff approaching the crossing until immediately before the automobile was struck. Therefore, in our judgment, it was the duty of the court to submit to the jury the "last clear chance" doctrine, and it was a question for the jury to determine whether or not the engineer of defendant's train exercised ordinary care to avoid the accident after having discovered the perilous position of plaintiff, even though the jury might believe that plaintiff was guilty of contributory negligence in the first place.

Defendant further claims that the court committed error in giving instruction No. 6A. An examination of the record discloses that at the time this instruction was given defendant properly saved its exceptions and in its motion for new trial complained of the errors of law committed at the trial, and further complained of instructions numbered 1, 2, 3, 4, 5, 6, 7, and 8, but made no mention whatever of instruction numbered 6-A. It is contended by plaintiff in error that it was not necessary to specifically call the court's attention to instruction numbered 6-A in its motion for new trial, claiming that the general assignment: "Errors of law occurring at the trial," was sufficient to cover it. Whatever merit there might have otherwise been in that contention, it appears manifestly unfair to the trial court to specifically mention in its motion for new trial instructions numbered from 1 to 8, inclusive, naming them consecutively, and specifically calling the court's attention to them, and either inadvertently, or purposely omitting to mention instruction numbered 6-A. Since plaintiff in error saw fit, by this method, to call to the trial court's attention the alleged errors in giving these instructions, and omitted to mention this particular one, this assignment of error will not be considered by this court.

Defendant further alleges that the court committed error in refusing to give several instructions requested by defendant. An examination of the requested instructions discloses that they, in the main, state the law applicable to the case, but the record further discloses that the instructions given by the court fully and fairly covered the questions suggested in the requested instructions, and it was, therefore, not error for the court to refuse to give specific instructions where the same subject-matter was fairly covered

by the general instructions. Chase v. Cable Co., 67 Okla. 322, 170 Pac. 1172; Pioneer Telegraph & Telephone Co. v. Davis, 28 Okla. 783. 166 Pac. 432. Finding no prejudicial error in the record, the judgment of the district court is affirmed.

NICHOLSON, C. J., and HARRISON, MASON, HUNT, CLARK, and RILEY, JJ., concur. LESTER, J., disqualified.