## FIRST STATE BANK OF ELMORE v. HARRIS.

No. 18644.   Opinion Filed Oct. 16, 1928.

Rehearing Denied Jan. 22, 1929.

Bowling & Farmer, for plaintiff in error.

Yerker E. Taylor, for defendant in error.

JEFFREY, C.   John Harris, as plaintiff, began this action in a justice of the peace court in Garvin county, against the First State Bank of Elmore, as defendant.   Plaintiff prevailed in the justice of the peace court, and defendant appealed to the district court, where a trial de novo was had to a jury.   At the conclusion of all the evidence, the court, upon motion of plaintiff, directed the jury to return a verdict for plaintiff.   From the verdict and judgment in favor of plaintiff, defendant has appealed to this court.

On December 6, 1924, one M. F. Buckalew executed and delivered to plaintiff his promissory note for the sum of $75, due October 15, 1925.   The note was made payable "to the order of John Harris."   Plaintiff, without indorsing the note, delivered it to I. J. Kay in January, 1925.   Kay, being indebted to the defendant bank, sometime later placed his indorsement upon the note and delivered it to the bank as security for his debt.   When the note became due, the bank collected the principal and interest and surrendered it to the maker.   This action was brought by plaintiff, who was payee against the bank, to recover the principal and interest of the note, which had been collected by the bank on the theory that plaintiff was owner of the note, and never parted with title thereto, and was entitled to the proceeds thereof.

Counsel for defendant admits that under section 7700, C. O. S. 1921, a note payable to order cannot be negotiated so as to constitute the transferee a holder in due course, except by the indorsement of the holder completed by delivery.   However, it is contended that section 7719, C. O. S. 1921, fixes the rights of the parties, and, under the facts, the case should have been submitted to the jury.   That section is as follows:

"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferrer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferrer.   But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."

In other words, while it is conceded that neither the bank nor Kay were holders in due course, the bank became vested with such title as plaintiff, and Kay had, and, in addition thereto, acquired the right to have the indorsement of plaintiff.   As to whether the bank acquired such title as plaintiff had, and the right to his indorsement, depends upon whether plaintiff received value for the transfer and delivered the note to Kay for the purpose of permitting Kay to place it with the bank as collateral security for his debts.   So, as we view the respective contentions of the parties, there is no dispute as to the applicable law of the case, but the questions involved are questions of fact.

Did plaintiff's evidence establish its cause of action, and did the defendant's evidence put in dispute any fact necessary to establish plaintiff's cause of action?   If so, the motion for a directed verdict should have been overruled.   A motion to direct a verdict admits the truth of all the evidence that has been given in favor of the party against whom the motion is directed, together with such inferences and conclusions as may be reasonably drawn therefrom.   And if there is any competent evidence which would reasonably sustain a verdict, should the jury find in accordance therewith, such a motion should be denied.   Frick-Reid Supply Co. v. Hunter, 47 Okla. 151, 148 Pac. 83.   On the other hand, where the facts necessary to establish a cause of action on

the part of plaintiff are undisputed, or of such conclusive character that the trial court, in sound judicial discretion, would be compelled to set aside a verdict returned in opposition to such facts, it is proper to direct a verdict for plaintiff. Sartain v. Walker, 60 Okla. 258, 159 Pac. 1096; Cockrell v. Schmitt, 20 Okla. 207, 94 Pac. 521; Fitzpatrick v. Nation et al., 30 Okla. 462, 120 Pac. 1020.

Plaintiff proved the execution and delivery of the note; that Kay was on a deal to purchase a team of horses, and upon request plaintiff delivered the note in question to Kay to be used as security for the purchase price of the horses, and later to be indorsed by plaintiff, provided the same was satisfactory to the seller. Plaintiff's evidence further shows that Kay never purchased the horses, nor obtained plaintiff's indorsement on the note, but retained the note and later delivered it to the officials of the bank as security for his debts; that the bank collected the note, and had failed to account to plaintiff. Defendant's evidence was to the effect that Kay was in possession of the note; that he stated that he had authority to transfer the same, and did transfer it by indorsing his name thereon and delivering it to the cashier of the bank. Defendant's evidence further disclosed that plaintiff never demanded payment of the maker nor demanded possession of the note from Kay prior to its maturity. It was also shown that plaintiff knew shortly prior to the time the note was collected that the bank had possession thereof. There is no evidence whatever that plaintiff authorized Kay to place the note with the bank, nor any evidence that plaintiff acted in such way as would create an estoppel against him. On the contrary, the evidence is undisputed that plaintiff delivered the note to Kay for another specific purpose, and knew nothing of the note having been placed with the bank until a considerable time later.

Some suggestion is made in the briefs that there was a dispute under the evidence as to whether the bank received the proceeds of the note, or whether J. P. Gibson, who was president of the bank, received the money personally. The evidence on that point is undisputed to the effect that the proceeds of the note were turned over to the bank and applied on the indebtedness of Kay.

As above stated, there is no evidence, either fact or circumstance, that would support a finding that plaintiff authorized the placing of the note with the bank, or knew anything about it having been placed there for a considerable period after it had been delivered by Kay. Under these circumstances, certainly plaintiff could not be said to have transferred the note for value. There was no disputed question of fact necessary to a proper determination of the case to be submitted to the jury, and the trial court properly instructed the jury to return a verdict in favor of plaintiff.

The judgment of the trial court is therefore affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.