### OPPERUD v. TWEDELL.

No. 23719.   Oct. 15, 1935.

Rehearing Denied Dec. 3, 1935.

O. B. Martin and Simons, McKnight, Simons, Mitchell & McKnight, for plaintiff in error.

Sam K. Sullivan and Neal A. Sullivan, for defendant in error.

PER CURIAM. This action was commenced in the district court of Kay county, Okla., July 8, 1929, by M. L. Opperud, plaintiff in error herein, against Laura A. Endicott Twedell and Thomas H. Endicott, defendants therein, for the recovery of an unpaid balance in the sum of $5,855.48 on an account for attorney's fees and expenses accruing under an express oral contract between the parties employing plaintiff in error, an attorney at law, to represent the defendants in business and legal matters for an indefinite time on a per diem expense and contingent mixed fee basis. A copy of the ledger account attached to and a part of the petition designated the charge to be in the names of "Endicotts & Altoms," and payments in the sum of $13,537.40 on a total charge in the sum of $19,482.48.

The parties will be hereinafter referred to as they were designated in the trial court.

The defendants file their answer of general denial, plead the indefiniteness of the account, a defect in the parties defendant in the action, and neglect of duty on the part of the plaintiff in performance of the duties under his employment. The cross-petition of the defendants being later dismissed by them need not be considered.

On November 17, 1931, the cause came on to be heard before a jury, and the testimony on the part of the plaintiff was to the effect that, on a day and date between December 18, 1923, and January 13, 1924, at Tonkawa, Okla., he entered into an oral agreement with the defendant Laura A. Endicott Twedell, whereby he was employed as counsel in certain legal and business matters for said defendant, involving her separate property and the interests and the properties of her then husband, C. C. Endicott, and her sons, Thomas H. Endicott and Bert Altom, and her brother, R. L. Nelson, which were benefited by the services rendered by the plaintiff as an incident of said employment.

The plaintiff introduced several telegrams and letters which had passed between himself and the defendant Laura A. Endicott

Twedell referring to several matters specifically, and which tended to show that said defendant had knowledge of the plaintiff's activities in her behalf, and stated that the bookkeeper in his office had charged the account against "Endicotts & Altoms," or had headed it as such without direction from the plaintiff, but that as a matter of fact the claim had always been considered against the defendant Laura A. Endicott Twedell. Payments made by Bert Altom in the sum of $2,060 were for and on behalf of his mother, as also was the last payment in the sum, of $1,000, later made by him. The matter of credit and debit of another sum of $1,000 to and against Bert Altom came into being through a collection made for the latter in his absence from the state, had not anything to do with the claim sued on, and was so entered as a matter of convenience. In August, 1924, at the home of Laura A. Endicott, now Twedell, in California, a payment on account in the sum of $5,450 was made to the plaintiff by the checks of C. C. Endicott and Laura A. Endicott in equal amounts, and on November 20, 1924, the said two persons in the office of the plaintiff issued their two checks to make up a payment in the sum of $2,887.48, which was credited on the account and lacked one cent of full payment thereof.

From the date of this last payment the plaintiff continued his service in behalf of Laura A. Endicott Twedell, who paid on account of this service and expense the sum of $750, and through the agency of her letter of July __, 1926, Laura A. Endicott terminated the employment for herself and C. C. Endicott. Plaintiff claims a balance due him in the sum of $5,945.08.

It appeared that all parties were in harmony until the date of the discharge of the plaintiff.

On cross-examination of the plaintiff the name of A. A. Altom, another son of Laura A. Endicott Twedell, was brought out as one of those benefiting from the services rendered by plaintiff.

At the close of plaintiff's testimony the defendants entered their separate demurrers. Without objection the motion of the defendant Thomas H. Endicott was by the court sustained. Thereafter the demurrer of Laura A. Endicott Twedell was overruled.

The testimony of Laura A. Endicott that she was in California from the last week in November, 1923, until late in the year 1924, and not in Oklahoma at the time contract was said to have been entered into, and that the first time she saw or had any conversation with the plaintiff was in August, 1924, at her home in Long Beach, Cal., was strongly supported by other witnesses and indirectly by a letter of the plaintiff to an agent of the defendant introduced in evidence by the defendant.

The defendant moved for an instructed verdict and the court did so instruct the jury, which returned a verdict for the defendant.

A comprehensive examination of the evidence introduced in behalf of the plaintiff shows it to be sufficient, if accepted as true, to warrant a conclusion that the plaintiff was employed by the defendant to transact the business of others as well as her own, and that the plaintiff had not been paid in full for the services thus rendered. That is, it was sufficient to present a disputed question of fact which should have been submitted to the jury. Whether the jury would accept the evidence and resolve the disputed question in favor of the plaintiff is, of course, an entirely different question.

A motion for a directed verdict admits all facts fairly or reasonably inferable or deducible from adverse party's evidence. Federal Life Ins. Co. v. Firestone, 159 Okla. 228, 15 P. (2d) 141; Elmore First State Bank v. Harris, 134 Okla. 282, 273 P. 892; Midland Valley R. R. Co. v. Neeley, 114 Okla. 277, 246 P. 859.

Where there is a controverted question of material facts, it is error to direct a verdict. Terry v. Gravitt, 56 Okla. 769, 156 P. 633; Johnson v. Rudisill, 51 Okla. 480, 152 P. 93.

A motion to direct a verdict admits all the facts and inferences to be drawn therefrom in favor of the party against whom the motion is directed, and leaves for consideration only such evidence as is favorable to the party against whom such motion is directed. Federal Life Ins. Co. v. Firestone, supra; Midland Valley R. R. Co. v. Neeley, supra; Atchison, T. & S. F. R. Co. v. Lyon, 95 Okla. 20, 216 P. 897, Sharum v. Sharum, 82 Okla. 266, 200 P. 176.

The defendant Laura A. Endicott Twedell, in moving for a directed verdict, thrust herself within the rule as above indicated, and for the reasons stated we are of the opinion that the motion for a directed verdict should have been overruled, and the judgment of the trial court is therefore reversed and remanded, with instructions to proceed in accordance with this opinion.

The Supreme Court acknowledges the aid of Attorneys Ferd P. Snider and R. M. Mountcastle in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Snider and approved by Mr. Mountcastle, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.