**LEWIS et al. v. COUCH.**

No. 26707. March 9, 1937.

John T. Levergood, for plaintiffs in error.

Randall Pitman, for defendant in error.

HURST, J. This is an action to recover on a note for $300 and to foreclose a mortgage on some property in McLoud to secure the same. The note and mortgage were given by Mollie Ward to the plaintiff, Rebecca Hicks Couch. Before the action was filed Mollie Ward died, and plaintiff filed the action against Frank Ward, administrator of her estate, and against T. J. Lewis and Jack Lewis. The administrator filed a disclaimer. T. J. Lewis and Jack Lewis filed an answer pleading payment of the note sued on and a release by the plaintiff of the mortgage, and they alleged that after the mortgage was given the deceased conveyed said property to T. J. Lewis for life and the remainder to Jack Lewis. The plaintiff filed a reply denying that the note had been paid and alleging that if plaintiff executed the release, it was by mistake and that she thought she was signing a receipt for money paid by Mollie Ward on another note, given at the same time the $300 note was given.

At the close of the evidence, the trial court instructed a verdict for the plaintiff, and rendered a personal judgment against all the defendants, including T. J. Lewis and Jack Lewis, from which the last two appeal.

1. The defendants contend that the court committed error in instructing a verdict against them in favor of the plaintiff. We think this contention is well taken. The defendants introduced in evidence the release of mortgage duly signed and acknowledged by the plaintiff. The plaintiff did not introduce in evidence the original note, but testified that she left it with the banker, and that the bank had failed and the note had been lost. The notary public who took plaintiff's acknowledgment to the release, and who was also the banker who kept her note, was not called as a witness, nor was failure to call him explained. To overcome the presumption in favor of the release of mortgage, the plaintiff testified the note was not paid, and that she thought she was signing a receipt and did not know she was signing a release. She testified that she had defective eyesight and did not read the instrument, but trusted the banker. She also testified that after the date of the release, the deceased made a payment on the note in question. The court also admitted in evidence two letters, dated after the release, in which the deceased acknowledged that she owed plaintiff on this note.

In passing on the motion for directed verdict for the plaintiff, it was the duty of the court not to consider any of the evidence favorable to the plaintiff and to consider only the evidence favorable to the defendants. Opperud v. Twedell (1935) 175 Okla. 191, 51 P. (2d) 799; Cooper v. Flesner (1909) 24 Okla. 47, 103 P. 1016; 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29. The certificate of acknowledgment to the release was regular on its face. The burden of proof was on plaintiff to impeach it. It can be overcome only by clear and convincing evidence such as will satisfy the triers of the facts, which in this case was the jury. 1 C. J. 896; Fitzsimmons v. Trosper (1934) 167 Okla. 489, 30 P. (2d) 693. The introduction of the release made out a prima facie defense, and it was a question of fact for the jury to determine whether the mortgage debt was paid. It follows that the court committed reversible error in directing a verdict for the plaintiff.

2. The defendants next contend that the trial court committed error in rendering a personal judgment against them. This is

conceded by the plaintiff. They did not sign the note, nor did they assume its payment in the instrument under which they claim title. The petition did not state facts showing that they were personally liable.

3. The defendants further contend that the court committed error in admitting in evidence two letters heretofore mentioned, purporting to be from the deceased, Mollie Ward. Both letters were addressed to the plaintiff and admit that the writer owed plaintiff an unpaid note. The plaintiff offered no evidence to the effect that the signatures to the letters were those of Mollie Ward. However, she did testify that she received them in answer to letters she had written. She testified that she thought Mr. Ward signed one of the letters. No objection to the competency of the witness to testify to these letters was made. Under these circumstances, we think the court committed error in admitting in evidence the letter the plaintiff testified she thought was signed by Mr. Ward, but the other was properly admitted, since it was received in answer to a letter from the plaintiff. 22 C. J. 908; Williamson v. Davis (1917) 74 Okla. 175, 177 P. 567.

4. The defendants also contend that the court was in error in refusing to admit in evidence the instrument under which they claimed title to the mortgaged property. The plaintiff made them a party to the action and alleged that they claimed some right, title, or interest in the mortgaged property. While its introduction would not be a defense to the plaintiff's cause, yet it would show the right of the defendants to defend the action. We think it should have been admitted.

The judgment is therefore reversed, with instructions to grant a new trial and proceed according to the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, CORN, and GIBSON, JJ., concur.