## STATE ex rel. OKLAHOMA TAX COMMISSION v. FUGATT et al.

No. 28551.   Jan. 10, 1939.

C. D. Cund. A. L. Herr, and Wendell Barnes, for plaintiff in error.

Sid White and Clyde J. Watts, for defendants in error.

HURST, J. This is the second appeal in this case, which is an action against a gasoline distributor and the surety on his bond to recover certain motor fuel taxes alleged to be due the state from the distributor. The first appeal is reported in 180 Okla. 361, 70 P.2d 472, and bears the same style as the instant appeal. Therein, the state proved certain amounts to be due as taxes on motor fuel from defendant, including the tax on approximately 103,000 gallons of gasoline which the defendant did not report. The trial court sustained a demurrer to this evidence on the theory that the filing and auditing of the distributor's report operated as a final determination of the amount due. This theory was rejected by this court and the cause was remanded for further proceedings. This appeal arises from the conduct of the second trial. The facts, so far as material, are as follows:

The state introduced evidence to show that from July 11, 1931, to May 8, 1935, the amount of the tax owed it by the defendant distributor was $13,544.65. $3,860 of this sum represents the amount of tax between March 1, to May 8, 1935, which was computed from the reports filed by defendant distributor. The balance of the amount alleged to be due was computed on a basis at variance with the reports filed by defendant in that the Tax Commission disallowed certain deductions claimed in said reports.

Defendant introduced testimony to the effect that some of the gasoline on which the Tax Commission claimed a tax to be due was stolen from him. Testimony was also given for defendant to the effect that the tax for the period between March 1, and May 8, 1935, in the sum of $3,860, was not paid because of alleged prior overpayments of tax by defendant which were of sufficient amount to offset the tax so claimed to be due.

The state's demurrer to this evidence was overruled. Plaintiff then moved the court to direct a verdict for it in the sum of $3,860, the amount due for the period between March 1, and May 8, 1935, and to submit to the jury only the question of whether plaintiff was entitled to a verdict for any additional amount. This motion was likewise overruled. The cause was submitted to the jury and a verdict for defendant was returned. The state appeals, and in its brief presents four propositions of law for reversal. Defendants in their brief have made no attempt to answer the contentions made by plaintiff either by citation of authority or argument, but advance one argument to sustain the judgment of the trial court. We will consider this contention first.

■ Defendants assert that the reports which were introduced in evidence and upon which the tax claimed due by plaintiff was computed apply to the Federal Petroleum Company and not to Fugatt; that the corporation and its officers are separate entities. It is also claimed, therefore, that the defendant National Surety Corporation is not liable, since it undertook liability for Fugatt and not for the corporation.

We believe this contention to be without merit under the facts of this case. This action was brought against "W. D. Fugatt, doing business as the Federal Petroleum Company," of which company Fugatt was president and, with his wife, the owner of all the stock. The bond of the defendant surety company states that "We, W. D. Fugatt, d.b.a. Federal Petroleum Company, located at Enid in the State of Oklahoma * * * as principal, and National Surety Company * * * as surety, are held and firmly bound unto the State of Oklahoma,

and also to the Oklahoma Tax Commission. * * *" The parties stipulated at the trial as to certain facts, and in these stipulations reference was constantly made to "W. D. Fugatt" as having received the gasoline. It was expressly stated in stipulation No. 4 "that the gallonage hereby agreed as having been received by the said W. D. Fugatt was, and is disclosed by monthly reports filed by the said W. D. Fugatt with the Oklahoma Tax Commission." So far as the record shows, the only reports filed by Fugatt with the commission were those which defendant now claims apply to and bind only the Federal Petroleum Company. These reports were introduced in evidence by plaintiff, and defendants did not object thereto as being incompetent as against Fugatt or for any other reason. The trial court in its instructions to the jury treated the company and Fugatt as one and the same. The instructions constantly referred to the defendant as the "Federal Petroleum Company" when actually the action was against Fugatt. It does not appear anywhere in the record that defendants raised the question that the monthly reports in question were not binding on W. D. Fugatt. Under this state of the record, we are of the opinion that defendants cannot now take the position that, since the reports upon which the tax was computed were in the name of the company, they do not establish the amount of Fugatt's liability.

■ The uncontradicted evidence of plaintiff disclosed that a tax in the sum of $3,-860 was due from defendant for the period of March 1, to May 8, 1935. While we are not favored with a brief from defendant on this issue, we assume from the testimony adduced for him at the trial of the cause that his defense thereto was the fact that he had made overpayments of tax for a prior period and was entitled to offset this against said amount of taxes. In this connection, it is to be noted that the parties stipulated that all funds paid by defendant as taxes prior to March 1, 1935, were distributed by the Tax Commission prior to the time the March, 1935, taxes became due. Under such circumstances, the defendant was not entitled to take credit for and to deduct the sums allegedly overpaid for prior taxpaying periods against the tax for the period from March 1, to May 8, 1935. State ex rel. Oklahoma Tax Commission v. Westheimer & Daube (1938) 182 Okla. 271, 77 P.2d 1126, and Gibson Co., Inc., v. Oklahoma Tax Commission (1937) 180 Okla. 53, 68 P.2d 87. Plaintiff was therefore clearly entitled to recover at least the sum of $3,860.

■ The defendant was permitted to introduce, over plaintiff's objection, evidence as to his financial worth. At the time plaintiff's objection was made, the record discloses the following proceeding:

"Mr. White (attorney for defendant): I think it is admissible. The Court: On what theory. Mr. White? The effect of this charge is that he (defendant) kept and collected funds belonging to the Oklahoma Tax Commission. One of the defenses of any man charged with embezzlement is that he don't have a dollar and this is a circumstance to corroborate him, when the filling stations were robbed repeatedly."

Ordinarily, evidence as to the wealth or financial standing of a party is not admissible, but evidence is admissible in larceny and embezzlement cases when connected with other evidence, to show that the defendant had no money before a larceny and considerable money afterwards, since this has a tendency to connect the defendant with the crime. It is also apparent that the financial condition of the defendant prior or subsequent to the larceny, unconnected with other evidence, is inadmissible. See 10 R. C. L. 957, sec. 130. Not being apprised by defendant as to his theory in this connection, we assume from his statement in the record, supra, that it is by analogy to these rules that the evidence in question was admitted. We will assume, without deciding, that evidence as to the financial worth of the defendant before and after the period when he allegedly failed to report the sale of gasoline together with the alleged robberies, would tend to show that he in fact had not sold the gasoline so unreported. Defendant testified that he was worth $50,000 on January 11, 1933, and was without assets at all at the time of the trial (December, 1937). The period during which it is claimed the defendant failed to report sales of gasoline was from September 1, 1934, to April 30, 1935. The defendant testified that the robberies occurred in "1931 and 1932, up to, I believe including 1934." It is plain that the financial worth of defendant would in no way tend to prove that he had not sold the gasoline so unreported. This for the reason that the testimony as to his worth was as of over a year and a half prior to the beginning of the period over which it is contended he failed to report the gasoline sold, and as of approximately two years after the termination of said period. Furthermore, the bulk of the alleged robberies occurred prior to the period during which defendant failed to make the reports, and prior to the period concerning

which defendant testified as to his worth. The testimony as to his worth, being therefore unconnected with other evidence, was inadmissible.

We have given defendant every benefit of the record before us. We cannot but conclude that the testimony as to his financial worth was inadmissible and constituted prejudicial error.

The cause is reversed and remanded, with directions to the trial court to proceed not inconsistently with the views herein expressed.

OSBORN, C. J., and WELCH, GIBSON, and DANNER, JJ., concur.