**N. W. HAYS, Plaintiff in Error,**

v.

**Imo Susie BURTON, now Medeiros, Defendant in Error.**

No. 37558.

Supreme Court of Oklahoma.

Feb. 4, 1958.

James W. Pipkin, Seminole, for plaintiff in error.

Charles Sims, Seminole, for defendant in error.

CORN, Vice Chief Justice.

This action was commenced by First Federal Savings and Loan Association of Wewoka to foreclose a real estate mortgage executed in its favor by Max D. McClanahan and wife, Jennie McClanahan, to which action the defendant in error was joined as claiming some interest in the mortgaged property. Title to this property was conveyed to the defendant in error after the mortgage had been executed by the McClanahans, and she was the record owner at the time of trial.

No question is presented concerning the correctness of the court's order foreclosing the mortgage and ordering an execution sale of the mortgaged property. After the judgment of foreclosure was rendered, the mortgagee waited approximately one year before causing an order of sale to be issued. No question concerning the validity of the order of sale or the sheriff's proceedings thereunder is presented, and these proceedings appear to be regular in all respects.

The defendant in error did not appear at the sheriff's sale, and the property was bid

in by the plaintiff in error by a bid in the amount of $3,300.00 which sum was in excess of the total amount due on the judgment with interest, attorney fees and court costs. Thereafter, the mortgagee and the purchaser at the sheriff's sale, the plaintiff in error, filed motions to confirm the sale. No objections to confirmation were filed prior to the date of the hearing. At the hearing on the motion to confirm the sale, the defendant in error appeared personally, without counsel, and the following proceedings took place:

"By the Court: Do you object to this sale? What is your name? A. Burton. Yes, sir, I do. I came all the way out here from California to attend to this and I sure don't want to lose my home. That's on affidavit.

"By the Court: You understand there hasn't been any written objections filed in the case? By Mrs. Burton: Well, I was advised I didn't need an attorney.

"By the Court: In other words, you are making your objections openly, here in Court. Do you have any money? A. Yes, I have the money.

"By the Court: Do you have it with you? A. No, I don't have it with me but I can get it in a very few minutes.

"By the Court: Where is it? A. At the bank.

"By the Court: First State Bank. A. Yes, sir.

\* \* \* \* \* \*

"By the Court: I believe it was stated at the motion docket the other day this was the original home of Mrs. Burton? By Mr. Culp: I think that's correct, your honor, I think I made a statement at that time. I would be glad to state it for the record at this time. \* \* \*

"It was learned she moved to California however and we were unable to obtain where she was living in California. We received information from McClanahans she had moved to California and she was subsequently served with publication. The matter went to judgment and after waiting a considerable length of time, after the six months redemptive period. In an effort to collect our judgment the property was sold at a sheriff's sale. At the time of the sale Mrs. Burton communicated with us on the morning of the sale and asked she be permitted to redeem her property. We advised her we didn't have any objections to her redeeming her property but it would have to be done with the acquiesence of the purchaser and with the permission of the court, in as much as we had no authority to set aside what we thought was a bona fide sale. Thereafter, Mr. C. P. Ellis, her banker, requested we advise him the amount necessary to pay off this loan which we did.

\* \* \* \* \* \*

"By the Court: Of course, this being a court of equity naturally the court is inclined to give the owner any and all benefits that they might be entitled to so far as it doesn't hurt or injure any one else. The Court is inclined to let the former owner, Mrs. Burton, redeem her property by paying off all obligations, including any expense incurred by the purchaser, Mr. Hays. Mrs. Burton, can you get this money here by 2:00 o'clock this afternoon?

"By Mrs. Burton: Yes, sir.

"By the Court: Let the record show Mrs. Burton is given until 2:00 o'clock this afternoon to have this money paid into the Court Clerk's office together with all court costs, including poundage."

■ There is only one question in this case for us to decide. Did the trial court err in overruling the motion of the purchaser to confirm the sale and allowing the record owner to redeem the property?

The purchaser, plaintiff in error, in support of his contention cites Oklahoma Farm Mortgage Co. v. Hatcher, 106 Okl. 262, 234 P. 203, where we held in the first paragraph of the syllabus:

"On motion to confirm the sale in a foreclosure proceedings, under section 709, C.S.1921, it is the duty of the court to carefully examine the proceedings of the officer to determine if the sale has in all respects been made in conformity to the statutes, and, if the same has been so made, it is the duty of the court to confirm the sale."

The statute cited 12 O.S.A.1951 § 765, same as 709 C.S.1921, and relied upon for reversal does not appear to be binding on the trial court in determining whether he shall approve or disapprove the sale for the reason the court has its own inherent powers outside the statute to disapprove the sale and deny the motion to confirm the sale and allow a redemption of the property, if he does not abuse that power, and the facts justify such action.

■ The action of the trial court in passing upon a motion to confirm a sale of real estate under the mortgage foreclosure should be to protect all parties concerned. In this case the only one to be considered is the purchaser of said real estate, who bought it subject to confirmation by the court, and the record owner. The court allowed the redemption of the property by requiring payment of all obligations, including any expense incurred by the purchaser.

■ In State ex rel. Com'rs of Land Office v. Harrower, 167 Okl. 269, 29 P.2d 123, we held in pargraph one of the syllabus:

"Section 456 O.S.1931, applies only to the proceedings of the officer in making a sale of real estate under execution, and on motion to confirm the court should confine itself to the regularity of the proceedings on the sale, but said section does not limit the power of the court in refusing to confirm or in setting aside a sale in proper pleadings on equitable grounds."

See also Duncan v. Eck, 65 Okl. 250, 166 P. 121.

We think it was the duty of the court under the facts reflected in this opinion to set aside the sale and allow the defendant in error to redeem the property.

Judgment affirmed.

WELCH, C. J., and JOHNSON, WILLIAMS and CARLILE, JJ., concur.

BLACKBIRD, J., concurs in result.

HALLEY, J., dissents.