**In re Norma Fay MIMS, Debtor.**

**Bankruptcy No. BK–96–10701–LN.**

United States Bankruptcy Court,
W.D. Oklahoma.

March 23, 1996.

Robert M. Goldman, Goldman & Goldman, Oklahoma City, Oklahoma, for Apple Village Ltd.

John A. Bouley, Oklahoma City, Oklahoma, for Debtor.

### ORDER ON MOTION FOR RELIEF FROM STAY

PAUL B. LINDSEY, Chief Judge.

On July 11, 1995, prior to the commencement of this case, debtor and Apple Village Ltd. ("AVL"), doing business as Kingswood Square Apartments, executed a residential lease agreement. Debtor subsequently failed to make $120 monthly lease payments for December, 1995 and January, 1996.

Based upon debtor's continuing default, AVL served debtor with notice to either cure the arrearage or to quit the property, and commenced a forcible entry and detainer action in the district court of Oklahoma County, Oklahoma, seeking to dispossess debtor of the leased premises.

On January 31, 1996, AVL obtained judgment for the immediate possession of the subject leasehold premises, and a writ of assistance was authorized by the district court. However, on February 2, 1996, before the writ of assistance was served on debtor,

debtor filed her voluntary petition for relief under Chapter 13 of the Bankruptcy Code.[1]

On February 8, 1996, AVL filed the instant motion requesting relief from the automatic stay imposed by § 362(a), in order to complete its district court eviction proceeding.

On February 26, 1996, debtor timely filed her objection to the requested relief, and the matter was set for hearing.

On March 6, 1996, at the conclusion of the hearing on AVL's motion and debtor's objection, after having heard the arguments of counsel, the court directed the parties to submit briefs on the issues within 10 days, and took the matter under advisement. Both parties timely submitted their briefs.

## THE CONTENTIONS

AVL asserts that because debtor's residential lease had been properly terminated under Oklahoma law prior to the commencement of her bankruptcy case, debtor can not propose in her Chapter 13 plan to cure the prior defaults and assume the terminated lease under § 1322(b)(7).[2] AVL therefore contends that, under these circumstances, relief from the automatic stay should be granted so that it may complete its eviction proceeding.

Debtor argues, however, that the subject residential lease had not as yet "expired" within the meaning of § 365(a), made applicable herein under § 1322(b)(7), as of the commencement of her bankruptcy case. She alleges that contrary to AVL's contention, her right to cure the prior defaults and to assume the lease were still available when her Chapter 13 petition was filed, and that therefore AVL's motion for relief from the automatic stay should be denied.

1. References herein to statutory provisions by section number only will be to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* unless the context requires otherwise.

2. Section 1322(b)(7) provides that a proposed Chapter 13 plan may, subject to section 365 of the Bankruptcy Code, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section. Section 365(b) provides that if there has been a default in an executory contract or unexpired lease of the

## THE CITED AUTHORITIES

As authority for its contention, AVL cites *Robinson v. Chicago Housing Authority (In re Robinson),* 54 F.3d 316 (7th Cir.1995). In *Robinson,* the tenant-debtor filed a Chapter 13 petition on the same day that a writ for possession was to issue in connection with a judgment for possession previously obtained by the landlord in a forcible entry and detainer action. While in bankruptcy, the debtor sought to assume the residential lease on the basis that the term of the lease had not as yet expired, contending that § 365(a) allowed debtors to assume unexpired leases, notwithstanding the fact that the lease may have been terminated under applicable state law. Nevertheless, the bankruptcy court, finding that the lease had been terminated pre-petition, granted the landlord's motion for relief from the automatic stay in order to allow it to proceed in obtaining possession of the leasehold property.

On appeal, the District Court and the Court of Appeals for the Seventh Circuit affirmed. The Court of Appeals rejected debtor's contention that there is a substantive difference between a lease that has "expired" and one that has been "terminated," and concluded that federal bankruptcy law draws no meaningful distinction between the two terms, and that the federal law allowing assumption of "unexpired" leases requires a determination of whether a lease has ended under applicable state law. The Court of Appeals held that in circumstances where a Chapter 13 debtor-lessee, under applicable state law in a pre-petition eviction proceeding, no longer had legal recourse to revive the lease, the lease could not be assumed by the debtor in a subsequent bankruptcy case. In reaching its decision, the Court of Appeals

debtor, the debtor may not assume such contract or lease unless, at the time of assumption of such contract or lease, the debtor cures, or provides adequate assurance that the debtor will promptly cure, such default, compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default, and provides adequate assurance of future performance under such contract or lease.

found that under the applicable state law, the debtor-tenant's right to preserve the lease terminated when the judgment of possession was entered. It was held that debtor-tenant at that point had no recourse to revive the lease, even though no writ of possession had been issued or served.

Debtor in this case cites *Gallatin Housing Authority v. Talley (In re Talley)*, 69 B.R. 219 (Bankr.M.D.Tenn.1986) as support for her contention. In *Talley*, which presents circumstances virtually identical to those found both in *Robinson* and in the instant case, the Chapter 13 debtor sought to cure a default and to assume her residential lease even though judgment for possession had been entered pre-petition in favor of the landlord, but where no writ for possession had been served on debtor as of the commencement of her bankruptcy case. The court in *Talley* held that a Chapter 13 debtor could cure a default and assume a residential lease under § 365(a) even though judgment for unlawful detainer had been entered pre-petition, in circumstances where a writ for possession had not been served upon debtor. In reaching its determination, the court found that the term "expired" as is used in § 365(a) did not equate to a default under or the termination of a lease, as was contended by the landlord, nor was such term limited to situations where the term of the lease and all possible extensions had passed, as was contended by the debtor.

In its reasoning, the court in *Talley* found differences between the term "expired" and "terminated" for purposes of § 365, noting by example that § 365(c) prohibits a trustee to assume or assign an "unexpired" lease of non-residential real property if the lease has been "terminated" under applicable non-bankruptcy law, and further noting that there is no similar restriction on the assumption or assignment of a residential lease. After reviewing the applicable state law, and observing a difficulty in determining when the termination of the landlord-tenant relationship is "measurable and identifiable," the court noted that the dispossession of a tenant from leased premises is at the core of a judgment for unlawful detainer, and concluded that the execution of a writ of possession

is the final step in that process. Based upon all these considerations, the court held that a Chapter 13 debtor may cure defaults and assume a lease pursuant to § 365(a) if no writ of possession has been executed by service on the debtor prior to the commencement of the bankruptcy case.

AVL also cites *In re Mako, Inc.*, 102 B.R. 814 (Bankr.E.D.Okla.1988) in support of its contentions. In *Mako*, a Chapter 11 debtor moved for the assumption of non-residential real property. The court found that the lease had been properly terminated pre-petition under the governing contract. Noting that under § 365(c)(3) a lease which has been properly terminated may not be assumed under the Bankruptcy Code, the court denied debtor's motion.

## DISCUSSION

■ At first glance, the authorities cited by AVL and by debtor appear to reach contrary results under the same factual circumstances. Further examination of the courts' decisions, however, reveals that the decisions are not necessarily contradictory. It should be noted that the court in each cited case examines the governing authority, whether it be statutory or contractual, to determine whether the lease has been properly terminated pre-petition. In *Robinson*, the Court of Appeals examined Illinois law governing residential leases and determined that the granting of a judgment of possession terminates a tenant's rights whether or not the final step in evicting a tenant, issuance of a writ for possession, has occurred. The court in *Talley* determined that under Tennessee law, a lease is not "expired" for purposes of § 365(a) until a writ for possession is executed by service upon the tenant. In *Mako*, assumption of a lease of non-residential real property was denied due to the pre-petition termination of the lease under its terms, applying § 365(c)(3) rather than § 365(a).

This court is of the view that *Robinson* and *Talley* are entirely compatible, and that the difference in the results comes from differences in the courts' interpretations of Illinois and Tennessee law, respectively.

As was pointed out by counsel, no reported cases have been found in this jurisdiction

addressing when a residential lease is "expired" under Oklahoma law for purposes of § 365(a).

In Oklahoma, residential leases are governed by the Oklahoma Residential Landlord and Tenant Act ("ORLTA"), Okla.Stat. tit. 41, §§ 101 *et seq.* With respect to circumstances where the tenant has failed to timely pay the required rent, Okla.Stat. tit. 41, § 131(B) provides that a landlord may terminate a rental agreement for failure to pay rent when due if the tenant fails to pay the rent within five days after written notice of the demand for payment, and that the demand for payment is deemed a demand for possession of the premises and that no further notice to quit possession is required to be given by the landlord to the tenant for any other purpose. Okla.Stat. tit. 41, § 111(D) provides that if a tenant remains in possession without the landlord's consent after the *expiration* of the term of the rental agreement or its *termination* under the ORLTA, the landlord may immediately bring an action for possession and damages.

A landlord may seek to dispossess a tenant from the leased real property and to attempt to collect rent or damages by commencing an action for forcible entry and detainer for claims arising under the ORLTA. *See* Okla. Stat. tit. 12, § 1148.1. If in an action for forcible entry and detainer the landlord obtains judgment, Okla.Stat. tit. 12, § 1148.10 requires that upon request, a writ of execution be issued thereon. However, Okla.Stat. tit. 12, § 1148.10A provides that a stay of the writ of execution may be obtained by timely posting a supersedeas bond conditioned as provided by law. Moreover, Okla.Stat. tit. 12, § 1148.10B provides that, in certain circumstances, not present here, a tenant may cure the default in a forcible entry and detainer action even after judgment has been entered. It is evident from the above that the residential landlord-tenant relationship in Oklahoma is, as described by the court in *Talley* with respect to Tennessee law, "layers of rights which peel away during the [termination] process." *Talley,* 69 B.R. at 224.

As is noted above, whether a debtor-tenant may cure a default and reinstate a residential lease after a landlord has obtained judgment for possession but prior to execution of a writ for possession by its service upon the debtor-tenant is a question of first impression in this jurisdiction. As the court notes in *Talley,* a similar problem of statutory interpretation exists in circumstances where a debtor-mortgagor seeks to cure a default and revive a mortgage after the mortgagee has obtained judgment in foreclosure and a sheriff's sale has been conducted, but confirmation of the sheriff's sale has not been obtained prior to bankruptcy. In *Sooner Federal Savings and Loan Association v. Oklahoma Central Credit Union et al.,* 790 P.2d 526 (Okla.1989), the Supreme Court of Oklahoma identified the confirmation of the sheriff's sale as the point in the foreclosure process at which a mortgagor no longer has any redemptive rights. This court has therefore repeatedly held that a debtor-mortgagor may cure defaults and revive the mortgage in circumstances where the mortgagee has obtained judgment in foreclosure, the property has been sold at sheriff's sale, but the sale has not been confirmed prior to the commencement of the bankruptcy case.

## DECISION

■ The pivotal issue in this matter is to determine the point in the eviction process under applicable non-bankruptcy law at which debtor's rights are wholly extinguished for purposes of § 365(a). This court, after having reviewed the cited authorities and the applicable statutes that govern residential leases in Oklahoma, and having considered the reasoning and decision of the Supreme Court of Oklahoma in *Sooner Federal* in the parallel circumstances presented by a mortgage foreclosure, is of the view that the execution of a writ of assistance by serving it upon the debtor is the step in the eviction process under applicable non-bankruptcy law which finally extinguishes a debtor's rights for purposes of § 365(a).

In the instant matter, because the writ of assistance had not been served upon debtor prior to the commencement of the case, this court finds that § 365(a) and § 1322(b)(7) remain available to debtor, and that AVL's motion for relief from the automatic stay therefore should be denied without prejudice

to its being reasserted should debtor be unable to satisfy the requirements of §§ 365 and 1322(b)(7).

IT IS SO ORDERED.