2013 OK CIV APP 41

**Terry B. NOBLE and Cynthia N. Noble, Plaintiffs,**

v.

**Jerry Boyd NOBLE, Defendant/Appellant,**

**Ronald Dean Dayton and Corey Wayne Dayton, Appellees.**

**No. 110,176.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 31, 2013.

Certiorari Denied Feb. 20, 2013.

A surety is ordinarily discharged from liability after the *principal contract or the contract of suretyship is materially altered,* without the surety's knowledge or consent.

James C. Peck, Judith L. Morgan, Peck & Morgan, Oklahoma City, Oklahoma, for Appellant.

John W. McCue, II, Fairview, Oklahoma, for Appellees.

LARRY JOPLIN, Chief Judge.

¶ 1 Defendant/Appellant Jerry Boyd Noble seeks review of the trial court's order confirming the sheriff's sale of property to Appellees Ronald Dean Dayton and Corey Wayne Dayton in the action for partition commenced by Plaintiffs Terry B. Noble and Cynthia N. Noble. In this appeal, Defendant asserts the trial court erred in denying his prayer to redeem the property prior to confirmation of the sheriff's sale.

¶ 2 Plaintiffs and Defendant inherited eight hundred eighty acres of real property in Major County, Oklahoma, from their grandfather. When they could not agree to a partition of the property in kind, Plaintiffs commenced the instant action. The trial court appointed commissioners to appraise the property, directed sale of the property by the sheriff for not less than two-thirds of the appraised value, and ordered a division of the proceeds among the Plaintiffs and Defendant.

¶ 3 The commissioners returned their report valuing the property at $528,000.00, and neither Plaintiffs nor Defendant objected to the commissioners' report. Appellees purchased the property at sheriff's sale for $378,400.00. Plaintiffs filed a motion to confirm the sale. Prior to hearing on the motion to confirm, Defendant filed his Objection to Motion to Confirm and a Notice of Exercise of Right to Redemption.

¶ 4 After a hearing, the trial court denied Defendant's Objection and asserted Right of Redemption, and a sheriff's deed issued to Appellees. Defendant now appeals, and complains the trial court erred in denying him his asserted right of redemption.

¶ 5 Partition of real estate by sheriff's sale is governed by statute, and an action to partition by sale is commenced by filing of a petition describing "the property and the respective interests of the owners thereof, if known." 12 O.S. § 1501.1(A). "The answers of the defendants must state, among other things, the amount and nature of their respective interests[; t]hey may also deny the interests of any of the plaintiffs, or any of the defendants." 12 O.S. § 1504. "After the interests of all the parties shall have been

ascertained, the court shall make an order specifying the interests of the respective parties, and directing partition to be made accordingly." 12 O.S. § 1505. "Upon making such order, the court shall appoint three commissioners to make partition into the requisite number of shares." 12 O.S. § 1506. "The commissioners shall make partition of the property among the parties according to their respective interests, if such partition can be made without manifest injury[,] [b]ut if such partition cannot be made, the commissioners shall make a valuation and appraisement of the property[,] [and] [t]hey shall make a report of their proceedings to the court, forthwith." 12 O.S. § 1509. "If partition be made by the commissioners, and no exceptions are filed to their report, the court shall render judgment that such partition be and remain firm and effectual forever." 12 O.S. § 1511.

¶ 6 "If partition cannot be made, and the property shall have been valued and appraised, any one or more of the parties may elect to take the same at the appraisement, and the court may direct the sheriff to make a deed to the party or parties so electing, on payment to the other parties of their proportion of the appraised value." 12 O.S. § 1512. "If none of the parties elect to take the property at the valuation, or if several of the parties elect to take the same at the valuation, in opposition to each other, the court shall make an order directing the sheriff of the county to sell the same, in the same manner as in sales of real estate on execution; but no sale shall be made at less than two-thirds (2/3) of the valuation placed upon the property by the commissioners." 12 O.S. § 1513. "The sheriff shall make return of his proceedings to the court, and if the sale made by him shall be approved by the court, the sheriff shall execute a deed to the purchaser, upon the payment of the purchase money, or securing the same to be paid, in such manner as the court shall direct." 12 O.S. § 1514. "The court making partition shall tax the costs, attorney's fees and expenses which may accrue in the action, and apportion the same among the parties, according to their respective interests, and may award execution therefor, as in other cases." 12 O.S. § 1515. "The court shall have full power to make any order, not inconsistent with the provisions of this article, that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests." 12 O.S. § 1516.

¶ 7 Although this statutory regime has been on the books since statehood, the provisions are entirely silent on the issue of redemption. Furthermore, the parties neither cite, nor do we find, any Oklahoma cases addressing the propriety of redemption in an action for partition by sale.

¶ 8 Defendant nevertheless argues by analogy that, in an action for the forced sale of property in satisfaction of a mortgage, redemption is a favored, substantive legal right which lasts until confirmation of the sale. *Sooner Federal Sav. and Loan Ass'n v. Oklahoma Cent. Credit Union*, 1989 OK 170, ¶ 11, 790 P.2d 526, 529.[1] Furthermore, says Defendant, Oklahoma law also recognizes the equitable right of redemption. *Sooner Federal Sav. and Loan Ass'n*, 1989 OK 170, ¶ 12, 790 P.2d at 529.[2] The Defendant points out that, so, too, in tax sales is the right of redemption assured. 68 O.S. Supp.2009 § 3113.[3]

1. "According to [42 O.S. § 18,] '[e]very person having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed.' The redemptive right is not extinguished at the time of sale but rather when the order of sale is confirmed." (Footnotes omitted.)

2. "[T]he equitable right of redemption belongs to one who has an interest in the premises that would be lost on foreclosure or to one who owns the mortgagor's equity of redemption or any subsisting interest therein by privity of title acquired by purchase, inheritance or otherwise. A bor-

rower or any other person (i.e., subordinate lender, owner) having an interest subject to a lien has a right of redemption that is not extinguished at the time of sale but extends until the order of sale is confirmed. This is so because by statute a judicial sale on foreclosure is neither conclusive nor binding in the sense of transferring legal title to the purchaser until it is effectively confirmed."

3. "The owner of any real estate, or any person having a legal or equitable interest therein, may redeem the same at any time before the execution of a deed of conveyance therefor by the county treasurer by paying to the county treasurer the sum which was originally delinquent in-

¶ 9 Appellees respond, and first point out that the Oklahoma legislature made no statutory provision for redemption in partition actions as it did in actions for foreclosure of a security interest or the satisfaction of a tax burden, and that the legislature's choice in this respect evinces the legislature's intent to treat actions for partition by sale differently from actions for forced sale in satisfaction of a debt or tax. Appellees argue secondly, that the policy underlying redemption in mortgage foreclosures and tax sales, i.e., the loss of real property without adequate compensation, is entirely absent in an action for partition where the owners of property partitioned by sheriff's sale are entitled to a proportionate share of the sale proceeds.

■ ¶ 10 In a partition action, the right to redemption lies, if at all, only in the presence of statutory authority and the existence of a debtor-creditor relationship. 30 Am.Jur.2d Executions, Etc. § 363 (Westlaw 2012)[4]; 59A Am.Jur.2d Partition § 49 (Westlaw 2012)[5]; 76 Am.Jur.2d Trusts § 162 (Westlaw 2012)[6]; 86 C.J.S. Tenancy in Common § 51 (Westlaw 2012).[7]

■ ¶ 11 In this respect, absent Oklahoma statutory authority granting the right to redemption and the existence of a debtor-creditor relationship between the partitioner and purchaser at sheriff's sale, we cannot say the trial court erred in denying Defendant's request to redeem. As a practical matter, one co-owner of property to be partitioned by sale has no more superior claim to possession of the whole parcel than any other co-owner, whereas in the case of a mortgage foreclosure or tax sale, one might reasonably argue that the owner of the property sold in satisfaction of a mortgage or tax debt ought to be afforded the right to rescue his property from loss by satisfying the debt for which sale was ordered. Defendant clearly does not stand in the same position vis-a-vis the property partitioned by sale as does a mortgagor

cluding interest at the lawful rate as provided in Section 2913 of this title and such additional costs as may have accrued; provided, that minors or incapacitated or partially incapacitated persons may redeem from taxes any real property belonging to them within one (1) year after the expiration of such disability, with interest and penalty at not more than ten percent (10%) per annum. The term incapacitated as used in this section relates to mental incapacitation only, physical disability is not covered under this term or this section." (Footnotes omitted.)

4. "Ordinarily, statutory authority to redeem property sold under execution is granted to the judgment debtor or the debtor's representative or successor in interest. If a party claiming to be the successor in interest to the judgment debtor's title can demonstrate to the court that it legally succeeded to the debtor's title, the successor is entitled to redeem and the creditor is entitled only to the moneys due a creditor as provided by the applicable redemption statute. It has been held that a judgment debtor has standing to seek to redeem property sold at an execution sale after he or she had conveyed his or her right to redeem to a third party, at least where the execution sale did not fully satisfy the judgment against the debtor." (Footnotes omitted.)

5. "One merely having a judgment lien on the undivided interest of a tenant in common of real estate is not a joint owner or tenant in common of the property who may seek partition. Instead, there must be an execution and sale, and the time given to the judgment debtor to redeem his or her property must also expire. The judgment creditor's right to partition is affected by statutes exempting certain of the debtor's property interests from execution. However, under a particular statute, a judgment lien creditor may compel joint tenants with the right of survivorship to partition their property for the purpose of satisfying a judgment against one of the co-owners." (Footnotes omitted.)

6. "A resulting trust may exist in connection with an agreement to bid in or purchase for a person having an interest in or lien on property sold at a judicial, partition, or similar sale, or in connection with an agreement to redeem and hold property for the owner." (Footnotes omitted.)

7. "Under some statutes, a tenant in common who redeems, for the benefit of all, the common property from a tax sale and who also recovers the proceeds from a sale of timber taken from the land and rent stands in the position of a trustee for the co-tenants with respect to the proceeds from the timber and the rent. Under other statutes, a tenant in common who redeems the common property from a mortgage foreclosure sale has been held the owner of the rents and profits from the property until the other co-tenants have taken due and proper steps to participate in the redemption. Where the other co-tenants take proper steps to avail themselves of the redemption by making, or offering to make, their proportionate contribution to the redemption of the property, the tenant who redeemed must account to the other co-tenants for the rents and profits he or she received from the property." (Footnotes omitted.)

or tax debtor vis-a-vis the property sold in satisfaction of a debt or tax burden. In short, there is no Oklahoma legal authority recognizing the right of redemption in a partition action.

¶ 12 As a matter of equity, the legislature granted the trial court broad discretion "to make any order, not inconsistent with the provisions of this article, that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests." So, while this broad equitable discretion would clearly encompass the power to grant a claim for redemption by one co-owner of property partitioned by sale, this broad equitable discretion in no way requires the exercise of that power when the court is confronted with a redemption plea in an action for partition by sale. Defendant offers no compelling argument demonstrating an abuse of this broad discretion by the trial court in the present case for refusing to grant his plea to redeem.

¶ 13 Appellees in their brief request an award of appellate attorney's fees under the frivolous appeal provisions of 20 O.S. § 15.1. However, given the lack of a precedential pronouncement on the issue of redemption in partition actions, we are hesitant to characterize Defendant's appeal as wholly without merit under § 15.1 as to warrant an award of appellate attorney's fees under that section.

¶ 14 The order of the trial court granting the Plaintiffs' Motion to Confirm and denying Defendant's plea to redeem is AFFIRMED. Appellees' prayer for an award of attorney's fees under 20 O.S. § 15.1 is denied.

BUETTNER, P.J., and BELL, J., concur.